FILED

MAY – 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ryan Poullard # 06429–078
(Shangowande Orunmila)
P.O. Box 26020
Beaumont, TX 77720–6020
Plaintiff, pro se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Ryan Poullard | ) | 07 0825 |
| (Shangowande Orunmila), | ) | |
| Plaintiff, | ) | |
| | ) | **MOTION FOR LEAVE TO PROCEED** |
| v. | ) | **IN FORMA PAUPERIS** |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| Defendant. | ) | |

COMES NOW, Ryan Poullard (Shangowande Orunmila), the plaintiff, pro se, in the above entitled cause and moves the court to enter its order granting leave to the plaintiff to proceed in forma pauperis in the captioned cause.

In connection therewith, the plaintiff attaches his affidavit of poverty, which is incorporated herein by reference as though fully set forth.

Dated: This ___6th___ day of March, 2007.

By the plaintiff,

Ryan Poullard
(Shangowande Orunmila)

RECEIVED

MAR 0 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2

FILED

MAY – 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ryan Poullard # 06429-078
(Shangowande Orunmila)
P.O. Box 26020
Beaumont, TX 77720-6020
Plaintiff, pro se

07 0825

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ryan Poullard                    )
(Shangowande Orunmila),          )
                Plaintiff,       )
                                 )
v.                               )        AFFIDAVIT OF POVERTY
                                 )
FEDERAL BUREAU OF PRISONS,       )
                Defendant.       )

    COMES NOW, Ryan Poullard (Shangowande Orunmila), the plaintiff, pro se, in

the above entitled cause, and states under his oath and under the pains and

penalties of perjury the following:

1.  The plaintiff is a federal prisoner, incarcerated at the Beaumont Federal

Correctional Complex (Low Security), Beaumont, Texas.

2.  Twenty percent of all incoming deposits is currently being deducted from

plaintiff's inmate trust account for two civil actions.  Both of these actions

address acts of religious discrimination and unlawful use of BOP disciplinary

machinery.  See Civil Action No. 1:06-CV-82, Eastern District of Texas and

Civil Action No. 06-1768 (HHK), District Court for the District of Columbia.

The latter case was recently transferred by the D.C. District Court to the Eastern

District of Texas.  Because the defendant in this action has refused to implement

plaintiff's approved religious diet, plaintiff, for nearly three years now, has

had no choice but to meet his religious dietary needs himself via his scanty

account monies and the institution's commissary.  Jews, Christians, and Muslims

are not made to suffer such indignities and financial burdens.  Their approved

religious diets are provided by the defendant in this action and the tenets of

their faiths are respected. Not so with the plaintiff. Numerous attempts have been made by the plaintiff to assert his legal rights, but the defendant in this action simply refuses to handle his administrative remedies as required by Bureau policy. See Attachment A. By refusing to process plaintiff's institution level grievances the defendant in this action is strategically attempting to preserve an argument for dismissal in any future civil actions by the plaintiff that would seek injunctive and declaratory relief. Case in point: Plaintiff filed a "Sensitive" request for administrative remedy on January 3, 2007, and when this request was held for twenty seven days without being processed, the plaintiff then appealed to the next level (Region) in accordance with Bureau policy. Plaintiff's appeal was rejected by the regional office and he was instructed to "complete the administrative remedy process at the institution before appealing to the region." See Attachment B. With all avenues of immediate relief being presently closed, the plaintiff still bears the financial burden of having to feed himself. This burden, along with the two partial filing fee payments that are currently being deducted from plaintiff's account, makes it utterly impossible for the plaintiff in this action to handle an additional partial filing fee deduction for this case. Plaintiff therefore prays that the court waive all costs, in toto, for the filing of this complaint. Plaintiff is literally and genuinely unable to pay the costs for the above-entitled cause of action, or give security thereof.

3. Plaintiff seeks judgment for damages against the Federal Bureau of Prisons for violation of his constitutional rights. This court has jurisdiction of this matter by virtue of 28 U.S.C. 1331. Venue is vested by virtue of the provisions of 28 U.S.C. 1391 (e).

4. Plaintiff is filing his motion to proceed in forma pauperis, and in connection therewith he attaches this affidavit of poverty so that the court will waive his

costs, in toto, because he has insufficient funds and is unable to pay.

Dated: This _6th_ day of March, 2007.

Respectfully submitted,

Ryan Poullard
(Shangowande Orunmila)
pro se

Attachment A

*Submitted on this 25th day of September, 2006.*

Administrative Remedy Coordinator & Clerk

BMC 1330.13
[date]
Attachment, A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, Administrative Remedy Program, (Dec. 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Shangowande Orunmila

Inmates Name: _____ Ryan Poullard _____   Reg. No. 06429-078 _____ Unit, SA

Specific Complaint and Requested Relief: On Monday 9/11/06 the attached 'Request for Administrative Remedy' was submitted to my housing unit's Correctional Counselor and was returned to me on Thursday 9/21/06 without having been filed or processed as required by Bureau policy. Access to relief in federal courts for violations of statutory and constitutional rights cannot be granted to the incarcerated until all Administrative Remedies have been exhausted. I have a legal right to access to the courts and this groundless refusal to process my legitimate complaint is in fact an obstruction.

Please provide me with the reason, or reasons for the Administrative Remedy staff's refusal to process my request dated 9/07/06.

Thank you for your assistance.

Efforts Made By Inmate To Informally Resolve Grievance(Be Specific)

Counselor's Comments: _____

07 0825

FILED

MAY - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| | | | |
|---|---|---|---|
| **Shangowande Orisha-nla** | | | FCC Beaumont Low |
| From: a/k/a  Poullard, Ryan E. | 06429-078 | SA | |
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**    For nearly two years I have been requesting that the <u>all natural</u> Ifa vegetarian diet which was approved by the South Central Regional Office on 9/24/04, be implemented and made available for the members of my faith group.  On 6/07/06, after my last request, I was interviewed for the "religious diet menu" by Chaplain Watanabe.  In the resultant "Notification of Religious Diet Accommodation" I was denied participation in the Bureau's "religious diet menu," and approved for mainline no-flesh participation which is in no way determined by religious affiliation.  Everyone is permitted to make use of the no-flesh option, all you have to do is say "soy" or "no-meat" at the serving counter.  I know this because I was doing this from time to time, along with hundreds of others, before I was "approved" by the Chaplain.  Soy bean pellets, the material that is used for the main-line no-flesh option, are not <u>all</u> <u>natural</u> and do not meet my religious dietary needs. Please see to it that the Ifa vegetarian diet, as laid out on page 8 of my "New and Unfamiliar Religious Components" submittal, is promptly made available at this institution for the members of my faith group.

1st Attempt     2nd Attempt
9/07/06         1/19/07

| | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE         CASE NUMBER: _____

                                   CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

Submitted on this 7th day of June, 2006.

BMC 1330.13
[date]
Attachment, A

DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, Administrative Remedy Program, (Dec. 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmates Name: Sangowande Orisa-ala g/k/a Ryan Paullard     Reg. No. 06429-078     Unit, SA

Specific Complaint and Requested Relief: The Ifa faith group's approved "New & Unfamiliar Religious Components" submittal clearly articulated the need for an all natural vegetarian diet, yet more than a year after its approval this diet has not been implemented. Per the Code of Federal Regulations, the religious dietary needs of all faith groups are to be met through common fare. However, common fare at this institution caters to the religious needs of Judeo-Christian and Islamic faith groups only. This practice of providing for the religious dietary needs of certain faith groups while disregarding the needs of others is offensive and it amounts to an institutionalized system of religious discrimination. Attached is a cop-out response which, in essence, tells me that my only religious dietary option at this institution is to adhere to a diet designed to meet the needs of a faith group other than my own. That is absurd. Please see to it that the approved all natural Ifa vegetarian diet is promptly implemented. Thank you.

Efforts Made By Inmate To Informally Resolve Grievance (Be Specific)

_____
_____
_____
_____
_____
_____
_____

Counselor's Comments: _____
_____
_____
_____
_____
_____
_____
_____

BP⨯S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Chaplain Watanabe | DATE: 6/6/06 (43 A.D.) |
|---|---|
| FROM: Shangowande Orisha-nla Ryan Poullard | REGISTER NO.: 06429-078 |
| WORK ASSIGNMENT: Unit Orderly | UNIT: SA |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.)

My religious dietary needs require me to adhere to an all natural vegetarian diet as stipulated in the approved Ifa "New & Unfamiliar Religious Components" submittal. Please make the necessary arrangements for me to placed on this religious diet as soon as possible.

Thank you for your assistance.

(Do not write below this line)

DISPOSITION: Common Fare Diet does not offer a strictly vegitarian diet. However, I will schedule you for a Common Fare Interview as soon as possible

| Signature Staff Member | Date 6-6-06 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

Redirected to: Re—onal Chaplaincy Administr— or Matt Harness

BP-S148.055 **INMATE REQUEST _O STAFF** CDFRM

SEP 98

U.S. DEPARTMENT OF JUSTICE

**Date:** 11/02/04 (42 A.D.)

FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) **Chaplain Watanabe** | DATE: 10/18/04 (42 A.D.) |
|---|---|
| FROM: **Bro. Shangowande Al-Hijr a.k.a. Ryan Poullard** | REGISTER NO.: **06429-078** |
| WORK ASSIGNMENT: **Safety** | UNIT: **SA** |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

As an Ifa devotee who wishes to worship in strict accordance with tradition, I will need to be placed on the all natural Ifa vegetarian diet that was included in my "New and Unfamiliar Religious Components" submittal. Please see to it that my religious dietary needs are met in a timely manner.

Thank you for your assistance.

(Do not write below this line)

DISPOSITION:

Sir,

The Bureau of Prisons provides The Religious Diet Program. It consists of Two components. 1) The main Line component where you may choose flesh or No flesh. 2) certified processed food component, which is a Kosher, Nonpork diet. If you feel That you could Like to participate in the Religious Diet Program please see me

Thank You

| Signature Staff Member | Date 10/2/04 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

Attachment B

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: FEBRUARY 9, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTH CENTRAL REGIONAL OFFICE

TO  : RYAN EDWARD POULLARD, 06429-078
      BEAUMONT LOW FCI     UNT: SA     QTR: S04-055L
      P.O. BOX 26025
      BEAUMONT,  TX 77720

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID     : 441990-R1     REGIONAL APPEAL
DATE RECEIVED : FEBRUARY 2, 2007
SUBJECT 1     : MEALS:CEREMONIAL – DELIVERY/PREPARATION OF
SUBJECT 2     :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REJECT REASON 3: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 4: SEE REMARKS.

REMARKS        : YOU MUST COMPLETE THE ADMINISTRATIVE REMEDY PROCESS
                 AT THE INSTITUTION BEFORE APPEALING TO THE REGION.
                 THERE IS NO RECORD OF YOUR ATTEMPT AT THIS.

07 0825
FILED

MAY - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Federal Bureau of Prisons**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

**From:** Shangowande Orunmila
a/k/a  Poullard, Ryan E.        06429–078        SA        FCC Beaumont Low
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL**   On 1/4/07, I submitted the attached BP-9 and informal resolution attempt to Case Manager Merendino. My Unit Counselor had been gone for at least two weeks and completion of my informal resolution attempt was therefore impossible. Because the issue addressed in this BP-9 is of a very serious and unbelievable nature, I submitted it as a sensitive filing. Per P.S. 1330.13 ¶12 page 11, "...response shall be made by the Warden or COM within 20 calendar days." P.S. 1330.13 also states that "If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received." Id. Page 7 ¶4 instructs staff to "...submit the form promptly (ordinarily not later than the next business day) to the clerk for processing." Id. Staff at this institution obviously refuses to comply with Bureau policy and federal law. This interference with the Bureau's Administrative Remedy program is in fact interference with my right to unobstructed access to the courts. See Prison Litigation Reform Act. The "next business day," as it pertains to my submission of the attached BP-9, was 1/5/07. On this 30th day of January, 2007, (well over 20 calendar days) I have yet to receive an acceptance or rejection notice, much less a response from the Warden. Please provide the relief requested in the attached informal resolution attempt.

Thank you.

1/30/07
DATE                                       SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE                                       REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE        CASE NUMBER: 441990-R1

**Part C—RECEIPT**        FEB 2 2007        CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

*Type or use ball-point pen, ., attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Shangowande Orunmila a/k/a Pouillard, Ryan E. | 06429-078 | SA | FCC Beaumont Low |
|-------|------|-----|------|------|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** Where do I begin? P.S. 5360.09 ¶ c page 19 states that "Ritual or traditional foods (for religious ceremonial meals) **must be consistent with the faith group's religious dietary laws.**" (emphasis added) Page 20 states as follows: "An Inmate Request to Staff must be submitted to the chaplain **60 days before the ceremonial meal** requesting ritual/traditional foods. The chaplain will consult with the Food Service Administrator to develop the menu for each ceremonial or commemorative meal **at least 45 days before the scheduled date of the observance. This facilitates timely food ordering and preparation.**" (emphasis added) Policy clearly requires that faith group members be made aware of a planned ceremonial meal at least 60 days prior to the proposed date, but as evidenced by the attached BP-8 which could not be completed due to my unit counselor's two week absence, the members of the Ifa faith group were not informed until approximately 30 days prior to the chaplain's last minute, "throw something together" ceremonial meal. Adding insult to injury, Chaplain Watanabe disregarded the traditional foods that are consistent with the Ifa faith and <u>forced</u> red snapper on us. I requested that our meal be postponed in order to procure Ifa traditional foods but as usual, the just and impartial Watanabe didn't respond. See Attachment A. On 12/29/06, the day before Watanabe's proposed date, I spoke with Chaplain Patrick to be sure that our request for postponement would be honored. Chaplain Patrick didn't give me a firm and finalized answer, he just stated that

| 1/03/07 | (next page) | |
|------|------|------|
| DATE | | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

| | |
|------|------|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

                                                            CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |
|------|------|

USP LVN                                                          BP-229(13)

Watanabe had my request and was handling it.  The meal was scheduled for 2:00 PM on 12/30/06, and I was in the chapel from 12:30 PM - 2:30 PM at the Rastafarian service while Chaplain Patrick was on duty.  After having spoken with Chaplain Patrick while in the chapel, it was brought to my attention later the same day by members of our faith group who work in food service that Chaplain Watanabe had coerced two former members of our faith group to hold a "secret" ceremonial meal.  These two individuals, and two muslims, ate their fill while the active and dedicated members who work in food service watched.  Playing games with religious beliefs and practices is a very serious matter.  Are the chaplains trying to incite a riot?  Please provide the relief requested in the attached BP-8.

Thank you for your assistance.

Submitted on this 22ⁿᵈ day of ~~December, 2006.~~ February, 2007.

**Chaplain Watanabe**

BMC 1330.13
[date]
Attachment, A

<u>DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT</u>

Bureau of Prisons Program Statement No. 1330.13, <u>Administrative Remedy Program,</u> (Dec. 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmates Name: Shangowande Orunmila / Ryan Poullard _____ Reg. No. 06429-078 _____ Unit, SA

Specific Complaint and Requested Relief: In the latter part of November, 2006, religious services staff informed me of Chaplain Watanabe's intentions to schedule my faith group for a ceremonial meal on December 30, 2006. I was instructed to relay this information to the members of my faith group and to submit a menu as soon as possible. I followed these instructions and the attached menu was submitted during the first week of December 2006. On Friday December 22, 2006, religious services staff informed me that Chaplain Watanabe, who I had just spoken to on the previous day, left a message which stated that we would be receiving "red snapper" for our ceremonial meal. "Red snapper" is the dish that is used for Rastafarian ceremonial meals and as is plainly evidenced by the attached menu, my faith group's ceremonial food items did not include "red snapper." Kolanuts and palm oil, the ceremonial items that were included in our menu, are offerings that are used more frequently than any other customary offering in the Ifa faith. We are not Rastafarians and we would like our ceremonial meal to be rescheduled for either July 21st or 22nd. This should give religious services plenty of time to procure the ceremonial items that will be needed for our religious meal.

Thank you for your assistance.

Efforts Made By Inmate To Informally Resolve Grievance(Be Specific)

_____
_____
_____
_____
_____
_____
_____

Counselor's Comments:_____
_____
_____
_____
_____
_____
_____

IFA CEREMONIAL MEAL MENU

**Bitter Kolanuts–**            $1\frac{1}{2}$ pounds ($15 per $\frac{1}{2}$ lb.), carried by Ile Orunmila

**Vegetable & Cheese Casserole–**  dough, cheese, and an assortment of vegetables

**Candied Yams–**            sweet potatoes, brown sugar, cinnamon, butter, etc.

**Stir-fried Vegetable Rice–**  rice, soy sauce, olive oil, and assorted vegetables

**Smothered Chicken–**        tomato sauce, bell peppers, onion, etc.

**Steamed Cabbage–**          butter, and assorted seasonings

**French Fries–**            ketchup

**Red Palm Oil–**            1 gallon ($24 per gal.), carried by Ile Orunmila

**Fresh Baked Dinner Rolls**

Tentative Date:  December 30, 2006

## AFFIDAVIT OR DECLARATION
## IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

I, Ryan Poullard a/k/a Shangowande Orunmila, am the petitioner in the above-entitled case. In support of my motion to proceed *in forma pauperis*, I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 21-52 | $ NA | $ 40 | $ NA |
| Self-employment | $ NA | $ " | $ NA | $ " |
| Income from real property (such as rental income) | $ " | $ " | $ " | $ " |
| Interest and dividends | $ " | $ " | $ " | $ " |
| Gifts | $ 25 | $ " | $ 25 | $ " |
| Alimony | $ NA | $ " | $ NA | $ " |
| Child Support | $ " | $ " | $ " | $ " |
| Retirement (such as social security, pensions, annuities, insurance) | $ " | $ " | $ " | $ " |
| Disability (such as social security, insurance payments) | $ " | $ " | $ " | $ " |
| Unemployment payments | $ " | $ " | $ " | $ " |
| Public-assistance (such as welfare) | $ " | $ " | $ " | $ " |
| Other (specify): | $ " | $ " | $ " | $ " |
| **Total monthly income:** | $ 55 | $ " | $ 65 | $ " |

Transportation (not including motor vehicle payments)        $ ____NA____   $ ____NA____

Recreation, entertainment, newspapers, magazines, etc.        $ ___"_____   $ ___"_____

Insurance (not deducted from wages or included in mortgage payments)

     Homeowner's or renter's        $ ___"_____   $ ___"_____

     Life        $ ___"_____   $ ___"_____

     Health        $ ___"_____   $ ___"_____

     Motor Vehicle        $ ___"_____   $ ___"_____

     Other:_____        $ ___"_____   $ ___"_____

Taxes (not deducted from wages or included in mortgage payments)
(specify):_____        $ ___"_____   $ ___"_____

Installment payments

     Motor Vehicle        $ ___"_____   $ ___"_____

     Credit card(s)        $ ___"_____   $ ___"_____

     Department store(s)        $ ___"_____   $ ___"_____

     Other:_____        $ ___"_____   $ ___"_____

Alimony, maintenance, and support paid to others        $ ___"_____   $ ___"_____

Regular expenses for operation of business, profession,
   or farm (attach detailed statement)        $ _____   $ ___"_____

Other (specify): Twenty percent of all deposits in my inmate $ _____   $ ___"_____
account is frozen and withdrawn for filing fee payments
in two civil actions. See Civil Action No. 1:06-cv-82,
Eastern District of Texas and Civil Action No. 05-1768 (HHK),
District Court for the District of Columbia.
  **Total monthly expenses:**        $ _65-75_   $ ___"_____

2. List your employment history for the past two years, most recent first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| FCC Beaumont Low | P.O. Box 26020 Beaumont, TX 7720-6020 | 1998-Present | $ 20-70 $ $ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| NA | NA | NA | $ NA $ $ |

4. How much cash do you and your spouse have? $ NA
Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| NA | NA | $ NA $ $ | $ NA $ $ |

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

☐ Home
Value_____

☐ Other real estate
Value _____

☐ Motor Vehicle #1
Year, make & model_____
Value_____

☐ Motor Vehicle #2
Year, make & model_____
Value_____

☒ Other assets
Description  About two shares of stock.
Value  Less than $200

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| NA | $ NA | $ NA |
| | $ | $ |
| | $ | $ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| NA | NA | NA |
| | | |
| | | |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) Are real estate taxes included? ☐ yes ☐ no Is property insurance included? ☐ yes ☐ no | $ NA | $ NA |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ " | $ " |
| Home maintenance (repairs and upkeep) | $ " | $ " |
| Food | $ 40–60 | $ " |
| Clothing | $ NA | $ " |
| Laundry and dry-cleaning | $ 5.00 | $ " |
| Medical and dental expenses | $ NA | $ " |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

       ☐ yes ☒ no      If yes, describe on an attached sheet.

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form? ☐ yes ☒ no

If yes, how much? _____

If yes, state the attorney's name, address, and telephone number:

11. Have you paid – or will you be paying – anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

☐ yes ☒ no

If yes, how much? _____

If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the costs of this case.
    As shown in the Account Balances section of my inmate account report, my six months average withdrawals is currently greater than my six months average deposits. An additional partial payment filing fee will plunge me further into debt and render it impossible for me to feed myself.  See Affidavit of Poverty.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____ March 6ᵗʰ, _____ 2007 _____

                    (Signature)

## CERTIFICATE

    I hereby certify that the petitioner herein has the sum of
$ _10.00_ on account to his credit at the _FCC Beaumont_
_Low_ institution where he is confined. I futher certify
that petitioner likewise has the following securities to his
credit according to the records of said institution _N/A_

_____

_____

_____

_____

_____

_____


                                    _____
                                      Authorized Officer of Institution

DATE _3/2/07_

                                  _Case Manager_____
                                           Title of Officer

## Inmate Inquiry                                                         PRINT

| | | | |
|---|---|---|---|
| Inmate Reg #: | 06429078 | Current Institution: | Beaumont FCC |
| Inmate Name: | POULLARD, RYAN | Housing Unit: | BML-S |
| Report Date: | 03/01/2007 | Living Quarters: | S04-055L |
| Report Time: | 12:37:45 PM | | |

General Information | Account Balances | Commissary History | Commissary Restrictions | Comments

## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 1753 |
| PAC #: | |
| FRP Participation Status: | Completed |
| Arrived From: | |
| Transferred To: | |
| Account Creation Date: | 8/8/2001 |
| Local Account Activation Date: | 7/1/1991 |
| | |
| Sort Codes: | |
| Last Account Update: | 3/1/2007 12:10:53 AM |
| Account Status: | Active |
| Phone Balance: | Unknown |

### FRP Plan Information

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|

## Account Balances

| | |
|---|---|
| Account Balance: | $10.00 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $10.00 |
| National 6 Months Deposits: | $486.64 |
| National 6 Months Withdrawals: | $499.30 |
| National 6 Months Avg Daily Balance: | $21.20 |
| Local Max. Balance - Prev. 30 Days: | $117.40 |
| Average Balance - Prev. 30 Days: | $26.68 |

## Deposits

 PRINT

| Inmate Reg #: | 06429078 | Current Institution: | Beaumont FCC |
|---|---|---|---|
| Inmate Name: | POULLARD, RYAN | Housing Unit: | BML-S |
| Report Date: | 03/01/2007 | Living Quarters: | S04-055L |
| Report Time: | 12:37:29 PM | | |

| Date/Time | User Id | Transaction Type | Amount | Ref# | Payment# | Balance |
|---|---|---|---|---|---|---|
| 3/1/2007 12:10:53 AM | AMSERVICE | PLRA Payment | ($4.62) | FBMAD094 | 2743 | $10.00 |
| 3/1/2007 12:10:53 AM | AMSERVICE | Debt Encumbrance - Released | $10.44 | FBMAD094 - 1295 | | |
| 2/28/2007 9:41:12 PM | AMService | Phone Withdrawal | ($1.00) | ITS0228 | | $14.62 |
| 2/23/2007 9:43:33 PM | AMService | Phone Withdrawal | ($1.00) | ITS0223 | | $15.62 |
| 2/13/2007 7:48:32 AM | BMA3010 | Sales | ($42.34) | 59 | | $16.62 |
| 2/7/2007 5:08:10 AM | BMA2010 | Debt Encumbrance | ($10.44) | FBMAD094 - 1295 | | |
| 2/7/2007 5:08:10 AM | BMA2010 | Payroll - IPP | $52.20 | GIPP0107 | | $58.96 |
| 2/6/2007 7:31:20 AM | BMA3012 | Sales | ($12.06) | 38 | | $6.76 |
| 2/5/2007 6:39:30 PM | AMService | Phone Withdrawal | ($1.00) | ITS0205 | | $18.82 |
| 2/1/2007 12:10:41 AM | AMSERVICE | PLRA Payment | ($36.44) | FBMAD094 | 2178 | $19.82 |
| 2/1/2007 12:10:41 AM | AMSERVICE | Debt Encumbrance - Released | $20.00 | FBMAD094 - 1150 | | |
| 2/1/2007 12:10:41 AM | AMSERVICE | Debt Encumbrance - Released | $6.00 | FBMAD094 - 1015 | | |
| 2/1/2007 12:10:41 AM | AMSERVICE | Debt Encumbrance - Released | $10.44 | FBMAD094 - 946 | | |
| 1/30/2007 7:35:16 AM | BMA3010 | Sales | ($7.64) | 40 | | $56.26 |
| 1/30/2007 7:25:44 AM | BMA3010 | Sales | ($53.50) | 35 | | $63.90 |
| 1/28/2007 9:36:02 PM | AMService | Phone Withdrawal | ($1.00) | ITS0128 | | $117.40 |
| 1/28/2007 5:05:23 AM | AMSERVICE | Debt Encumbrance | ($20.00) | FBMAD094 - 1150 | | |
| 1/28/2007 5:05:23 AM | AMSERVICE | Lockbox - CD | $100.00 | 70175502 | | $118.40 |
| 1/21/2007 10:29:12 AM | AMService | Phone Withdrawal | ($1.00) | ITS0121 | | $18.40 |
| 1/17/2007 7:50:22 PM | AMService | Phone Withdrawal | ($1.00) | ITS0117 | | $19.40 |
| 1/17/2007 1:01:02 PM | BMA3012 | Sales | ($20.15) | 98 | | $20.40 |
| 1/17/2007 5:02:15 AM | AMSERVICE | Debt Encumbrance | ($6.00) | FBMAD094 - 1015 | | |
| 1/17/2007 5:02:15 AM | AMSERVICE | Lockbox - CD | $30.00 | 70174701 | | $40.55 |
| 1/9/2007 12:54:18 PM | BMA3010 | Sales | ($41.70) | 106 | | $10.55 |
| 1/9/2007 5:42:35 AM | BMA2010 | Debt Encumbrance | ($10.44) | FBMAD094 - 946 | | |
| 1/9/2007 5:42:35 AM | BMA2010 | Payroll - IPP | $52.20 | GIPP1206 | | $52.25 |
| 1/3/2007 12:41:37 PM | BMA3009 | Sales | ($9.95) | 79 | | $0.05 |
| 1/1/2007 12:10:41 AM | AMSERVICE | PLRA Payment | ($0.39) | FBMAD094 | 1672 | $10.00 |
| 1/1/2007 12:10:41 AM | AMSERVICE | Debt Encumbrance - Released | $10.20 | FBMAD094 - 704 | | |
| 12/20/2006 9:34:46 PM | AMService | Phone Withdrawal | ($1.00) | ITS1220 | | $10.39 |
| 12/19/2006 12:29:09 PM | BMA3010 | Sales | ($14.45) | 76 | | $11.39 |
| 12/12/2006 1:43:00 PM | BMA3010 | Sales | ($24.35) | 100 | | $25.84 |
| 12/9/2006 8:15:18 PM | AMService | Phone Withdrawal | ($1.00) | ITS1209 | | $50.19 |
| 12/9/2006 12:00:40 PM | AMService | Phone Withdrawal | ($1.00) | ITS1209 | | $51.19 |
| 12/6/2006 1:57:20 PM | BMA2010 | Debt Encumbrance | ($10.20) | FBMAD094 - 704 | | |
| 12/6/2006 1:57:20 PM | BMA2010 | Payroll - IPP | $51.04 | GIPP1106 | | $52.19 |
| 12/5/2006 12:08:05 PM | BMA4004 | Sales | ($6.85) | 23 | | $1.15 |
| 12/3/2006 11:58:58 AM | AMService | Phone Withdrawal | ($2.00) | ITS1203 | | $8.00 |
| 12/1/2006 12:10:55 AM | AMSERVICE | PLRA Payment | ($28.20) | FBMAD094 | 1107 | $10.00 |
| 12/1/2006 12:10:55 AM | AMSERVICE | Debt Encumbrance - Released | $20.00 | FBMAD094 - 616 | | |
| 12/1/2006 12:10:55 AM | AMSERVICE | Debt Encumbrance - Released | $10.20 | FBMAD094 - 433 | | |
| 11/30/2006 7:59:21 PM | AMService | Phone Withdrawal | ($1.00) | ITS1130 | | $38.20 |
| 11/28/2006 12:20:18 PM | BMA3012 | Sales | ($69.20) | 82 | | $39.20 |
| 11/25/2006 10:28:53 AM | AMService | Phone Withdrawal | ($2.00) | ITS1125 | | $108.40 |
| 11/25/2006 5:03:49 AM | AMSERVICE | Debt Encumbrance | ($20.00) | FBMAD094 - 616 | | |
| 11/25/2006 5:03:49 AM | AMSERVICE | Lockbox - CD | $100.00 | 70171301 | | $110.40 |
| 11/17/2006 7:31:20 AM | AMService | Phone Withdrawal | ($1.00) | ITS1117 | | $10.40 |
| 11/15/2006 7:40:20 PM | AMService | Phone Withdrawal | ($1.00) | ITS1115 | | $11.40 |
| 11/14/2006 7:29:24 AM | BMA3012 | Sales | ($12.65) | 40 | | $12.40 |

11/7/2006 12:04:40 PM    BMA3010    <u>Sales</u>                    ($7.80)  86                    $25.05
1 <u>2</u>

## All Transactions



| Inmate Reg #: | 06429078 | Current Institution: | Beaumont FCC |
|---|---|---|---|
| Inmate Name: | POULLARD, RYAN | Housing Unit: | BML-S |
| Report Date: | 03/01/2007 | Living Quarters: | S04-055L |
| Report Time: | 12:37:39 PM | | |

| Date/Time | User Id | Transaction Type | Amount | Ref# | Payment# | Balance |
|---|---|---|---|---|---|---|
| 11/7/2006 12:03:30 PM | BMA3010 | Sales | ($25.85) | 85 | | $32.85 |
| 11/3/2006 8:43:13 AM | BMA2010 | Debt Encumbrance | ($10.20) | FBMAD094 - 433 | | |
| 11/3/2006 8:43:13 AM | BMA2010 | Payroll - IPP | $51.04 | GIPP1006 | | $58.70 |
| 11/1/2006 12:10:43 AM | AMSERVICE | Debt Encumbrance - Released | $5.71 | FBMAD094 - 70 | | |
| 10/11/2006 7:41:40 AM | BMA3010 | Sales | ($29.00) | 43 | | $7.66 |
| 10/4/2006 7:45:26 AM | BMA2010 | Debt Encumbrance | ($5.71) | FBMAD094 - 70 | | |
| 10/4/2006 7:45:26 AM | BMA2010 | Payroll - IPP | $28.56 | GIPP0906 | | $36.66 |
| 10/1/2006 12:10:31 AM | AMSERVICE | Debt Encumbrance - Released | $4.32 | FBMAD094 - 4015 | | |
| 9/12/2006 12:33:01 PM | BMA3012 | Sales | ($23.50) | 97 | | $8.10 |
| 9/7/2006 2:40:39 PM | BMA2010 | Debt Encumbrance | ($4.32) | FBMAD094 - 4015 | | |
| 9/7/2006 2:40:39 PM | BMA2010 | Payroll - IPP | $21.60 | FIPP0806 | | $31.60 |
| 9/1/2006 2:08:00 AM | AMSERVICE | PLRA Payment | ($12.66) | FBMAD094 | 5913 | $10.00 |
| 9/1/2006 2:08:00 AM | AMSERVICE | Debt Encumbrance - Released | $10.00 | FBMAD094 - 3468 | | |
| 9/1/2006 2:08:00 AM | AMSERVICE | Debt Encumbrance - Released | $4.32 | FBMAD094 - 3390 | | |
| 8/29/2006 12:57:39 PM | BMA3012 | Sales | ($7.80) | 106 | | $22.66 |
| 8/22/2006 12:23:23 PM | BMA3010 | Sales | ($38.50) | 73 | | $30.46 |
| 8/10/2006 5:05:22 AM | AMSERVICE | Debt Encumbrance | ($10.00) | FBMAD094 - 3468 | | |
| 8/10/2006 5:05:22 AM | AMSERVICE | Lockbox - CD | $50.00 | 70163801 | | $68.96 |
| 8/8/2006 4:22:30 PM | AMService | Phone Withdrawal | ($3.00) | ITS0808 | | $18.96 |
| 8/4/2006 8:16:13 AM | BMA2009 | Debt Encumbrance | ($4.32) | FBMAD094 - 3390 | | |
| 8/4/2006 8:16:13 AM | BMA2009 | Payroll - IPP | $21.60 | FIPP0706 | | $21.96 |
| 8/1/2006 12:40:06 PM | BMA3009 | Sales | ($4.19) | 84 | | $0.36 |
| 8/1/2006 2:07:51 AM | AMSERVICE | Debt Encumbrance - Released | $4.32 | FBMAD094 - 2869 | | |
| 7/26/2006 8:09:55 AM | BMA3010 | Sales | ($3.25) | 64 | | $4.55 |
| 7/13/2006 10:21:49 PM | AMService | Phone Withdrawal | ($2.00) | ITS0713 | | $7.80 |
| 7/11/2006 12:33:47 PM | BMA3007 | Sales | ($15.80) | 93 | | $9.80 |
| 7/9/2006 11:03:30 AM | AMService | Phone Withdrawal | ($1.00) | ITS0709 | | $25.60 |
| 7/7/2006 2:50:14 PM | BMA2008 | Debt Encumbrance | ($4.32) | FBMAD094 - 2869 | | |
| 7/7/2006 2:50:14 PM | BMA2008 | Payroll - IPP | $21.60 | FIPP0606 | | $26.60 |
| 7/3/2006 6:43:52 PM | AMService | Phone Withdrawal | ($1.00) | ITS0703 | | $5.00 |
| 7/1/2006 7:36:33 PM | AMService | Phone Withdrawal | ($4.00) | ITS0701 | | $6.00 |
| 7/1/2006 2:07:49 AM | AMSERVICE | PLRA Payment | ($32.21) | FBMAD094 | 4939 | $10.00 |
| 7/1/2006 2:07:49 AM | AMSERVICE | Debt Encumbrance - Released | $20.00 | FBMAD094 - 2614 | | |
| 7/1/2006 2:07:49 AM | AMSERVICE | Debt Encumbrance - Released | $11.40 | FBMAD094 - 2565 | | |
| 7/1/2006 2:07:49 AM | AMSERVICE | Debt Encumbrance - Released | $10.00 | FBMAD094 - 2519 | | |
| 6/20/2006 11:55:37 AM | BMA3012 | Sales | ($73.45) | 86 | | $42.21 |
| 6/18/2006 10:04:59 PM | AMService | Phone Withdrawal | ($1.00) | ITS0618 | | $115.66 |
| 6/16/2006 9:20:04 PM | AMService | Phone Withdrawal | ($1.00) | ITS0616 | | $116.66 |
| 6/14/2006 10:10:12 PM | AMService | Phone Withdrawal | ($4.00) | ITS0614 | | $117.66 |
| 6/14/2006 5:03:18 AM | AMSERVICE | Debt Encumbrance | ($20.00) | FBMAD094 - 2614 | | |
| 6/14/2006 5:03:18 AM | AMSERVICE | Lockbox - CD | $100.00 | 70159801 | | $121.66 |
| 6/13/2006 11:51:39 AM | BMA3012 | Sales | ($37.80) | 78 | | $21.66 |
| 6/10/2006 6:17:07 PM | AMService | Phone Withdrawal | ($2.00) | ITS0610 | | $59.46 |
| 6/7/2006 4:36:44 PM | AMService | Phone Withdrawal | ($6.00) | ITS0607 | | $61.46 |
| 6/7/2006 8:56:00 AM | BMA2007 | Debt Encumbrance | ($11.40) | FBMAD094 - 2565 | | |
| 6/7/2006 8:56:00 AM | BMA2007 | Payroll - IPP | $57.00 | FIPP0506 | | $67.46 |

| | | | | | |
|---|---|---|---|---|---|
| 6/6/2006 11:40:55 AM | BMA3012 | Sales | ($39.54) | 109 | $10.46 |
| 6/6/2006 5:13:06 AM | AMSERVICE | Debt Encumbrance | ($10.00) | FBMAD094 - 2519 | |
| 6/6/2006 5:13:06 AM | AMSERVICE | Lockbox - CD | $50.00 | 70159201 | $50.00 |

1 2

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Complaint for Damages, Motion for Leave to Proceed In Forma Pauperis, and Affidavit of Poverty were forwarded via first class mail to the Clerk of the District Court for the District of Columbia on this 6th day of March, 2007.

Ryan Poullard
(Shangowande Orunmila)